IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**FILED**
June 18, 2020
KAREN MITCHELL
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| **NORTH AUGUSTA MANAGEMENT GROUP LLC,** § § § | |
| Plaintiff, § § | |
| v. § § | Civil Action No. 4:13-mc-00029-O |
| **SOUTHWEST GOLF GROUP INC.,** *et al.*, § § | |
| Defendants. § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court are two Applications for Writs of Execution, ECF Nos. 2 and 3, filed by Plaintiff on June 10, 2020. By Order entered that same day, United States District Judge Reed O'Connor referred the Applications, and all related responses, replies, briefs in support, appendices, etc., to the undersigned for hearing, if necessary, and determination or recommendation. ECF No. 4. After reviewing the Applications and applicable legal authorities, the undersigned **RECOMMENDS** that Judge O'Connor direct the Clerk of Court to complete and issue the Writs of Execution requested in the Applications, ECF Nos. 2 and 3.

The Court notes that Plaintiff registered a foreign judgment against Defendants in this Court on September 16, 2013. ECF No. 1. That judgment was entered on July 19, 2013 by the United States District Court for the Southern District of Georgia in Case Number CV 110-61, styled *North Augusta Management Group, LLC v. Southwest Golf Group, Inc. and Courtney Settle*. *Id.* at 2. The judgment was in favor of Plaintiff and against Defendant Southwest Golf Group, Inc. in the amount of $629,019.00 and against Defendant Courtney Settle in the amount of $288,152.50.

*Id.* The judgment bears the seal of the Southern District of Georgia and is attested by the Deputy Clerk of that court as a true copy. *Id.*

"A party may register the final judgment of one district court with another district court if certain conditions are met." *Hoffart v. Wiggins*, 577 F. App'x 384, 387 (5th Cir. 2014) (citing 28 U.S.C. § 1963 (1996)). Section 1963 provides that "[a] judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner." 28 U.S.C. § 1963 (1996). Federal Rule of Civil Procedure 69 provides:

> A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

Fed. R. Civ. P. 69(a)(1).

Chapter 34 of the Texas Civil Practice and Remedies Code governs execution on judgments in this state. A writ of execution must be issued within ten years after the judgment to which applies was entered. Tex. Civ. Prac. & Rems. Code § 34.001 (Vernon 2020). Otherwise, the judgment becomes dormant, and execution cannot be issued unless the judgment is revived. *Id.*

Plaintiff's judgment against Defendants was entered on September 16, 2013, and its request for issuance of writs of execution is well within the period allowed under Texas law. The Writs of Execution attached to the Applications are in proper form. Accordingly, the undersigned **RECOMMENDS** that Judge O'Connor direct the Clerk of Court to complete and issue the Writs of Execution requested in the Applications, ECF Nos. 2 and 3.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an

objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

    Signed June 18, 2020.

                                              _____
                                              Hal R. Ray, Jr.
                                              UNITED STATES MAGISTRATE JUDGE